MIRA H. CROOK v. TOWN OF BRADFORD.

ORANGE COUNTY, 1893.

Before: ROSS, CH. J., TAFT, ROWELL AND START, JJ.

*Alteration of highway. Appeal by land owner. To what term petition must be brought.*

1. Under the statute providing that a land owner dissatisfied with the action of the selectmen in laying or altering a highway, shall bring his petition for a rehearing to the next term of the county court, "if there is time for notice," the petitioner has a reasonable time after the filing of the selectmen's report and before the last day of service in which to determine the advisability of an appeal and prepare his petition therefor.

2. What is a reasonable time is a question of fact, upon which the finding of the county court is conclusive.

33

3. Where the interval was twelve days and the court below dismissed a petition brought to the next term but one, for the reason that it should have been brought to the previous term, without hearing any testimony, it will be presumed that the court acted as a matter of law, and the case will be remanded.

This was a petition to the county court for an appeal from the action of the trustees of the village of Bradford in altering a highway and awarding damages in the premises. The defendant moved to dismiss, for that the petition should have been brought to a previous term. Heard upon this motion at the December term, 1892, MUNSON, J., presiding. The petition was dismissed, and the petitioner excepted. The opinion states the case.

*John B. Peckett, Jr.*, and *Hunton & Stickney* for the petitioner.

*John H. Watson* and *George A. Dickey* for the defendant.

The action of the trustees, unappealed from, was in the nature of a judgment against the petitioner. *Hayward* v. *Charlestown*, 34 N. H. 23 ; *Horne* v. *Rochester*, 62 N. H. 347 ; *Butman* v. *Vermont Central Rd. Co.*, 27 Vt. 500.

The only right of appeal was statutory, and unless the statute was followed the county court had no jurisdiction. *French* v. *Hall*, 55 Vt. 364 ; *Peniman* v. *St. Johnsbury*, 54 Vt. 306 ; *Hodgaboon* v. *Highgate*, 55 Vt. 412 ; *Winooski Lumber Co.* v. *Chester*, 57 Vt. 538.

Under the statute this petition should have been brought to the next term of the county conrt. *Braintree* v. *Westford*, 17 Vt. 141 ; *Strafford* v. *Hartland*, 2 Vt. 565.

TAFT, J. A petition for the alteration of a highway was made to the trustees of the village of Bradford. An altera-

tion was made by them and they filed their report May 14, 1892. Mira H. Crook, a land owner, has brought her petition for the appointment of commissioners to rehear the cause. It was incumbent upon her to prefer her petition to the then next term of the county court, "if there was time for notice," and have it, with a citation annexed, served at least twelve days before the session of the court. The first term after the report was filed convened on the seventh of June following. After the filing of the report there were twelve days before the time of service for the then next term expired. The petition was brought to the term in December next succeeding the June term in 1892. The court held that there was time for notice and dismissed the petition. This the petitioner insists was error. If the county court found, as matter of fact, that there was time for notice, such finding cannot be disturbed, and the judgment must be affirmed. But no testimony was introduced and the ruling must have been as matter of law that there was time for notice. This ruling we think was erroneous. The statute should be construed so as to give a party reasonable time to determine whether he wishes to proceed further in the matter, and if he does, the like time for the preparation of his petition and citation and the service of them. Sec. 2,940, R. L., provides that the dissatisfied person may apply to the county court, etc., "if there is time for notice." This means a reasonable time to prepare his necessary papers and have them served. In case a report is filed more than twelve days before the term, but so short a time prior thereto that a dissatisfied person has not sufficient reasonable time to institute proceedings, no one could reasonably claim that it was intended by the statute to cut off his right to petition for relief. The petitioner in this case may have had ample time to make her application; if so, her petition was rightly dismissed, but this was a question of fact and should have been passed upon by the county court. If, under all the

circumstances connected with the transaction, she did not have reasonable time to consider the matter, prepare her petition and citation and have service thereof made on or before the 26th day of May, after the report was filed, the petition was rightly brought to the succeeding December term.

*Judgment reversed and cause remanded for further proceedings.*